IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



MARCUS STEPHEN FLECK,           §
TDCJ-CID No. 1250762,           §
                                §
        Plaintiff,              §
                                §
v.                              §        2:17-CV-026-Z
                                §
BRAD LIVINGSTON, et al.,        §
                                §
        Defendants.             §

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff MARCUS STEPHEN FLECK, acting pro se and while a prisoner incarcerated in

the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42,

United States Code, Section 1983 complaining against the above-referenced defendants and has

been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil

rights complaint is DISMISSED.

### JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action

with respect to prison conditions under any federal law, the Court may evaluate the complaint and

dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

At the time of filing this complaint, plaintiff was a prisoner incarcerated at the Texas Department of Criminal Justice (TDCJ) Clements Unit in Amarillo, Texas. By his amended complaint, plaintiff sues multiple defendants. (ECF No. 10). Plaintiff claims his transfer off of the Dalhart Unit (also located in the Northern District of Texas, Amarillo Division) to the Clements Unit was retaliatory. Plaintiff claims this transfer (and previous transfers) are the result of his exercise of his legal rights, including his litigation activities.

Specifically, plaintiff claims his transfer was the result of filing this case (although the transfer occurred before this case was filed) and the result of his filing past grievances. Several of the past grievances plaintiff attached to his filings were attacks on disciplinary charges he received, which resulted in his transfer from a minimum-security prison to a maximum-security prison.

---

incredible," not just to the level of the unlikely. *Booker*, 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g., Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker*, 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Booker*, 2 F.3d at 116.

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

## ANALYSIS

Plaintiff complains that he was transferred in retaliation for exercising his free speech rights through the use of the grievance procedure. It is well-established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *See Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). To state a claim of retaliation, a prisoner must allege facts that establish (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. *Id. See also Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Merely conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim. *Woods*, 60 F.3d at 1166. An inmate's personal belief that he is a target of retaliation also is insufficient.

Plaintiff fails to state a non-conclusory retaliation claim. He alleges that he suffered retaliation for exercising his right to file a grievance. The retaliatory adverse act complained of is a transfer to the Clements Unit. However, by plaintiff's own filings, he was transferred based on his disciplinary history. His claim that he was transferred in retaliation for filing grievances is conclusory. His retaliation claims are based on his own personal beliefs and conclusory assertions, which are insufficient to raise a viable retaliation claim absent at least an allegation of a chronology of events from which retaliation may be plausibly inferred. *See Jones v. Greninger*, 188 F.3d at 324–25; *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods*, 60 F.3d at 1166. Because Plaintiff's transfer occurred prior to filing this suit, his claim that he was transferred in response to filing this lawsuit does not allege such a plausible timeline.

- 3 -

Even if the Plaintiff's chronology of events were plausible, the Court would dismiss his Complaint as not being entitled to relief under § 1983. As a general matter, a Section 1983 claim that attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). The Supreme Court of the United States extended this principle to prisoners' challenges to disciplinary hearing process in 1997. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997) (recognizing that *Heck* envisioned that the "nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment"). The Supreme Court provided a prisoner's assertion of bias and deceit on the part of the hearing officer as such a process challenge that was not cognizable. *Id.*

The Plaintiff here challenges in his Complaint the *process* of his disciplinary hearing and alleges malfeasance by the Defendants that would imply the invalidity of the judgment itself. As Plaintiff puts it, he "challenges the constitutionality of every circumstance and disciplinary proceeding that affected the conditions of his confinement, including the policies, practices, and procedures prison officials used in reaching the adverse acts and their failures to take appropriate corrective actions." (ECF No. 3 ¶ 4). Because such a process challenge is not cognizable under § 1983, the Defendants are legally immune from suit under the same law and the Plaintiff is left with a legally frivolous claim under the *Neitzke* standard.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED

that the Civil Rights Complaint by plaintiff filed pursuant to Title 42, United States Code, section 1983 be DISMISSED without prejudice for failure to state a claim.

**SO ORDERED.**

January ___, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE